UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 05-36303-C-7 |
| RICKY N. SIMS and ROSA SIMS, | MC No. SW-1 |
| Debtors. | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION FOR RELIEF FROM AUTOMATIC STAY**

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014. Evidence was taken pursuant to Federal Rule of Civil Procedure 43(e), as incorporated by Federal Rule of Bankruptcy Procedure 9017 and as invoked by Local Bankruptcy Rule 9014(e).

<u>Jurisdiction</u>

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).

## Findings of Fact

Debtor filed their voluntary chapter 7 petition on October 13, 2005. They scheduled a 1998 Acura SLX ("vehicle") as property of the estate. The first meeting of creditors was held on December 21, 2005. The chapter 7 trustee filed a report finding that there is no property available for distribution from the estate over and above that exempted by the debtors. The court observes that debtors were discharged from all dischargeable debts on February 27, 2006.

On January 10, 2006, WFS Financial, Inc., ("movant") filed a motion, notice, and declaration requesting that this court vacate the automatic stay to permit movant to repossess the vehicle. The Kelley Blue Book value of the vehicle is approximately $4,215. Movant holds a lien on the vehicle in the approximate amount of $6,290.14. The court is not aware of any other liens against the vehicle.

A hearing was held on January 24, 2006. Debtors appeared in opposition to the motion. Findings of fact and conclusions of law were stated orally on the record. The motion was granted as to the trustee. The matter was further continued to February 28, 2006, as to the debtors. Debtors received a discharge on February 27, 2006. Due to debtors' discharge, the court determined that no oral argument was necessary.

## Conclusions of Law

The automatic stay of acts against debtors _in personam_ and of acts against property other than property of the estate

continues until the earliest of the time when the bankruptcy case is closed, dismissed, or an individual in a chapter 7 case is granted a discharge. 11 U.S.C. § 362(c). The automatic stay may be terminated earlier if debtors fail to protect the secured party's interest adequately, § 362(d)(1), and, with respect to a stay of an act against property, debtors do not have equity in the property, § 362(d)(2)(A), and the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2)(B). The issue of whether the property is necessary to an effective reorganization is not considered in a chapter 7 case because no reorganization is contemplated in a chapter 7 case.

  Although the debtors do not appear to have any equity in the vehicle, since the debtors were granted a discharge, the motion for relief from the automatic stay is moot as to the debtors. Thus, the motion will be denied.

  An appropriate order will issue.

Dated: March 3, 2006

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Ricky & Rosa Sims
75 Lavender Court
Tracy, CA 95376

John Roberts
P.O. Box 1506
Placerville, CA 95667

Donald H. Cram
Severson & Werson, P.C.
One Embarcadero Center, Suite 2600
San Francisco, CA 94111

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Dated: MAR -6 2006

_____
Deputy Clerk